## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MELVIN R. BILLIOT**                                    **CIVIL ACTION**

**VERSUS**                                               **NO. 14-2748**

**DISTRICT JUDGE HENRY G. SULLIVAN,**                    **SECTION: "C"(1)**
**ET AL.**


### REPORT AND RECOMMENDATION

Plaintiff, Melvin R. Billiot, a state pretrial detainee, filed this civil action pursuant to 42

U.S.C. § 1983.[1]  He named as defendants Judge Henry G. Sullivan, Deputy Mercadel, and Assistant

Sergeant J. Alexander.  On January 6, 2015, the undersigned conducted a <u>Spears</u> hearing in order

to better understand the nature and factual bases of plaintiff's claims.  <u>See</u> <u>Spears v. McCotter</u>, 766

F.2d 179 (5th Cir. 1985).  The United States Fifth Circuit Court of Appeals has observed that a

<u>Spears</u> hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement, and a

plaintiff's testimony at such a hearing becomes a part of the total filing by the *pro se* applicant.

<u>Eason v. Holt</u>, 73 F.3d 600, 602 (5th Cir. 1996).  Based on plaintiff's complaint and his testimony

---

[1]    In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

at the <u>Spears</u> hearing, the Court finds that plaintiff is making the following allegations in this lawsuit.

After plaintiff filed a motion to suppress evidence in his state criminal case, Judge Sullivan improperly denied the motion and allowed perjured testimony into evidence. Plaintiff then sought supervisory review from the Louisiana Fifth Circuit Court of Appeal and the Louisiana Supreme Court. He subsequently received the rulings in envelopes purportedly mailed to him from those courts; however, he suspects that the rulings were inauthentic because the envelopes had no cancellation markings from the postal service and the rulings bore only the judges' initials rather than their actual signatures. Based on the foregoing, plaintiff suspects that defendant Mercadel, who works in the jail's mailroom, never actually mailed his writ applications to the courts and is somehow involved in the forgery of the purported rulings.

Plaintiff also alleges that, during an incident at the jail on March 31, 2013, he was hit on the legs with a "billy stick" by Assistant Sergeant J. Alexander.[2]  At the <u>Spears</u> hearing, plaintiff stated that he was not injured; however, he was upset that it occurred. He further testified that he did not file an administrative grievance concerning that incident.[3]

---

[2]    Plaintiff attached a copy of a jail report concerning this incident to his complaint. Rec. Doc. 1, pp. 13-14.

[3]    In the complaint, plaintiff also alleged that he was improperly receiving a diet tray at the jail. However, at the <u>Spears</u> hearing, he indicated that, after the complaint was filed, that issue was resolved to his satisfaction through the jail's administrative grievance procedure.

I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).[4]  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

---

[4]   "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).

3

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint[5] and fully considering his Spears hearing testimony, the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

## II.  Claims Against Judge Henry G. Sullivan

Plaintiff's first claim is that Judge Henry G. Sullivan, the presiding judge in his state criminal proceedings, improperly denied a motion to suppress evidence and allowed perjured testimony into evidence.

---

[5]     The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Clearly, Judge Sullivan cannot be held liable with respect to any claim for monetary damages under 42 U.S.C. § 1983.  His absolute judicial immunity would protect him from any such claim asserted against him in his *individual* capacity.  See  Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871); see also Brandley v. Keeshan, 64 F.3d 196, 200 (5th Cir. 1995); Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981); Washington v. Louisiana, Civ. Action No. 09-3186, 2009 WL 2015556, at *5 (E.D. La. June 30, 2009); Wiggins v. Vondenstein, Civ. Action No. 06-10813, 2007 WL 203970, at *3 (E.D. La. Jan. 24, 2007).  Further, any such claim against him in his *official* capacity would be barred for two reasons.  First, he is a state official, and a state official in his official capacity is not considered a "person" amenable to suit under § 1983.  Will, 491 U.S. at 71; see also Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997); Boyd v. Lasher, Civ. Action No. 09-7645, 2010 WL 677663, at *2 (E.D. La. Feb. 24, 2010); McCloud v. Craig, Civ. Action No. 09-3287, 2009 WL 2515609, at *5 (E.D. La. Aug. 17, 2009).  Second, because an official-capacity claim against him would in reality be a claim against the state itself, any such claim would be barred by the Eleventh Amendment.  Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir. 1986); Doris v. Van Davis, Civ. Action No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009); see also Wallace v. Texas Tech University, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").

Judge Sullivan is also protected from a claim against him for injunctive relief under § 1983. As already noted, that statute expressly provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted

unless a declaratory decree was violated or declaratory relief is unavailable."  42 U.S.C. § 1983; Doris, 2009 WL 382653, at *3; Wilkerson v. Lanier, Civ. Action No. 06-3044, 2006 WL 2135224, at *3 (E.D. La. July 27, 2006); see also Guerin v. Higgins, 8 Fed. App'x 31, 32 (2nd Cir. 2001); Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts, 83 F. Supp. 2d 204, 210 (D. Mass.), aff'd, 248 F.3d 1127 (1st Cir. 2000).

### III.  Deputy Mercadel

Plaintiff's claim against Deputy Mercadel is that she did not mail his writ applications to the Louisiana Fifth Circuit Court of Appeal and the Louisiana Supreme Court.  That claim is founded on the fact that the rulings he received in response bore only the judges' initials, not their signatures, which led him to conclude that the rulings were inauthentic.  As a preliminary matter, this Court notes that it is in fact the practice of those two courts to issue their opinions bearing only the judges' initials.[6]  Second, plaintiff attached to his complaint copies of the two rulings he suspects are inauthentic, i.e. a ruling by the Louisiana Fifth Circuit Court of Appeal in case number 14-KH-13 and a ruling by the Louisiana Supreme Court in case number 2014-K-0428.  A check on Westlaw reveals that the Louisiana Supreme Court did in fact issue the opinion in case number 2014-KH-0428 on April 11, 2014, and that opinion referenced a prior ruling by the Louisiana Fifth Circuit Court of Appeal in case number 14-K-13.  State ex rel. Billiot v. State, 138 So.3d 610 (La. 2014).  Because plaintiff's suspicions are clearly baseless, this claim should be dismissed.  See, e.g., Howard v. Langston, 544 Fed. App'x 427 (5th Cir. 2013) ("A court may dismiss a claim as factually frivolous

---

[6]   Although this Court does not have access to actual copies of the two rulings plaintiff references in his complaint, the Court is attaching to this opinion redacted copies of similar rulings from those courts in an effort to allay plaintiff's suspicions.

where the facts alleged are 'clearly baseless,' such as when the allegations are fanciful, fantastic, or delusional."), cert. denied, 134 S. Ct. 1316 (2014).

### IV.  Assistant Sergeant J. Alexander

Lastly, plaintiff claims that Assistant Sergeant J. Alexander used excessive force when he struck plaintiff on the legs with a "billy stick" on March 31, 2013.  However, plaintiff has waited too long to assert that claim.

That excessive force claim accrued no later than the date of the incident. See, e.g., Price v. City of San Antonio, Texas, 431 F.3d 890, 893-94 (5th Cir. 2005); see also Aduddle v. Body, 277 Fed. App'x 459, 461 (5th Cir. 2008); Lakhan v. Wale, Civ. Action No. 10-1971, 2011 WL 39855, at *1 (E.D. La. Jan. 3, 2011); Everson v. N.O.P.D. Officers, Civ. Action No. 07-7027, 2009 WL 122759, at *2 n.2 (E.D. La. Jan. 15, 2009).  After his claim accrued on that date, he then had only one year bring suit under 42 U.S.C. § 1983.  See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) ("[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." (citation omitted)); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008).[7]  However, this lawsuit was filed no earlier than November 24, 2014,[8]

---

[7]    Out of an abundance of caution, the Court notes that a prisoner's limitations period is generally tolled while he exhausts the prison's grievance process.  See Harris v. Hegmann, 198 F.3d 153, 158 (5th Cir. 1999).  However, plaintiff testified at the Spears hearing that he filed no grievance regarding his excessive force claim.  Accordingly, the limitations period was not tolled with respect to that claim.

[8]    A prisoner's complaint is considered "filed" when it is given to the prison authorities for mailing to the Clerk of Court.  Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995). In the instant case, that date could not have been earlier than the date the complaint was signed, November 24, 2014.

and, therefore, his excessive force claim was already prescribed.  Prescribed claims are properly dismissed as frivolous.  See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[9]

New Orleans, Louisiana, this fourteenth day of January, 2015.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[9]   Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

# *Application For Writs*

## No. '08 -K-

# COURT OF APPEAL, FIFTH CIRCUIT

# STATE OF LOUISIANA

AUG 2 7 2008

*Mary J Legnon*

STATE OF LOUISIANA
**VERSUS**

IN RE

APPLYING FOR SUPERVISORY WRITS OF CERTIORARI, PROHIBITION AND MANDAMUS FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JOAN S. BENGE, DIVISION "A", NUMBER

**Attorneys for Relator:**

Anthony J. Angelette, Jr.
Attorney at Law
235 Derbigny Street
Suite 100
Gretna, LA 70053
(504) 368-1299

**Attorneys for Respondent:**

Terry M. Boudreaux
Assistant District Attorney
Parish of Jefferson
200 Derbigny Street
Gretna, LA 70053
(504) 368-1020

## WRIT REFUSED:

According to the transcript attached to the writ application, the trial court denied relator's motion to suppress on June 19, 2008. In the writ application, relator states that a Notice of Intent was filed on July 18, 2008 and a return date was set for August 5, 2008. Relator further states that an oral motion to extend the return date was granted extending the return date to August 26, 2008. There is no documentation to support the latter assertion. Accordingly, this writ application is refused as untimely. Additionally, relator has an adequate remedy on appeal.

Gretna, Louisiana, this 28th day of Aug., 2008.

*R L L*

**JUDGE ROBERT L. LOBRANO, PRO TEMPORE**

*∂HW*

**JUDGE FREDERICKA HOMBERG WICKER**

*GGG*

**JUDGE GREG G. GUIDRY**                    IMAGED AUG 28 '08

A TRUE COPY
GRETNA
AUG 28 2008
*Mary Legnon* DEPUTY CLERK
COURT OF APPEAL, FIFTH CIRCUIT

# The Supreme Court of the State of Louisiana

STATE OF LOUISIANA

VS.                                                ███████████████

███████████████

‒ ‒ ‒ ‒ ‒ ‒

IN RE: ████████████; ‒ Defendant; Applying For Supervisory and/or
Remedial Writs, Parish of Jefferson,  24th Judicial District Court
Div. A, No. ████████; to the Court of Appeal, Fifth Circuit, No.
13-KH-███;

‒ ‒ ‒ ‒ ‒ ‒

May 2, 2014

Denied.

|  | BJJ |
|---|-----|
|  | JTK |
|  | JLW |
|  | MRC |
|  | JDH |

GUIDRY, J.,  recused.

Supreme Court of Louisiana
May 2,2014

*Clerk of Court signature*

Clerk of Court
For the Court

Deputy